**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

RICHARD VITRANO,

                Plaintiff,

      - against -

UNITED STATES OF AMERICA,

                Defendant.
────────────────────────────────────

06 Civ. 6518 (JGK)

MEMORANDUM OPINION AND
ORDER

**JOHN G. KOELTL, District Judge:**

The plaintiff has moved pursuant to Federal Rule of
Criminal Procedure 41(g) for the return of property, which he
claims was seized in connection with the underlying criminal
case of United States v. Vitrano, No. 05 Cr. 1264 (JGK).

The Court has jurisdiction of this motion pursuant to the
established principle that "[t]he district court where a
defendant is tried has ancillary jurisdiction to decide the
defendant's post-trial motion for return of seized property."
Rufu v. United States, 20 F.3d 63, 65 (2d Cir. 1994).  Because
the motion was made after the termination of criminal
proceedings against the plaintiff, the motion is treated as a
civil complaint for equitable relief.  See id.; Mora v. United
States, 955 F.2d 156, 158 (2d Cir. 1992).  The Court construes
the Government's response to the plaintiff's motion as a motion
for summary judgment pursuant to Federal Rule of Civil Procedure
56.

In relevant part, Federal Rule of Criminal Procedure 41(g) provides: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant...." Fed.R.Crim.P. 41(g).

Based on the doctrine of sovereign immunity, with respect to a Rule 41(g) motion, the Court lacks subject matter jurisdiction to entertain any claim for money damages arising from the loss of any property that is attributable to the Government. See Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2004).[1]

In this Circuit, if the plaintiff offers evidence that raises genuine factual issues, the Court should "[a]t the very least... take evidence and make factual findings to identify any items still in the possession of the Government...." Rufu, 20 F.3d at 65.

---

[1] The parties have not thoroughly briefed whether the plaintiff has any remedy under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2680(a)-(n).  The plaintiff's motion is styled as a motion for equitable relief under Rule 41(g) which provides for the return of property.  The Court leaves a claim for money damages under the FTCA to further briefing by the parties and, if necessary, additional development at the evidentiary hearing.  See ABC v. DEF, No. 06-1362-cv, 2007 WL 2500738 (2d Cir. Sept. 5, 2007).  The disposition of the present motion is without prejudice to any claims the plaintiff may have under the FTCA.

I.

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Gallo v. Prudential Residential Servs. Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224. The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The substantive law governing the case will identify those facts which are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

3

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); see also Gallo, 22 F.3d at 1223. Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. See Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994). If the moving party meets its burden, the burden shifts to the nonmoving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).[2]

Where, as here, a pro se litigant is involved, although the same standards for dismissal apply, a court should give the pro se litigant special latitude in responding to a summary judgment motion. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (courts "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments

---

[2] By Order dated January 3, 2007, the Court specifically advised the parties that it would consider the Government's prior submission as a motion to dismiss or for summary judgment.  It also advised the plaintiff that he would be given a reasonable opportunity to respond to the Government's submission by submitting evidence, either in the form of sworn affidavits or otherwise, which establish his allegations or refute the Government's contentions. Thereafter, the plaintiff submitted a sworn statement of evidence and the Government responded.

that they suggest'") (quoting <u>Burgos v. Hopkins</u>, 14 F.3d 787,

790 (2d Cir. 1994)).


                                II.

        In support of its motion, the Government has submitted

various documents including log sheets documenting the property

seized from the plaintiff's loft on April 26, 2005, an

Affirmation by Special Agent James P. Wynne of the Federal

Bureau of Investigation dated November 13, 2006 ("Wynne Aff.")

and an Affirmation by Assistant United States Attorney Robin

Morey dated August 24, 2007 ("Morey Aff.").  The plaintiff has

submitted a sworn Statement of Evidence wherein he asserts,

among other things, that the Government seized property which it

continues to hold wrongfully and indicates that his statements

can be further substantiated by documentary evidence in the

possession of the Government as well as by the sworn testimony

of third-parties.


                                A.

        First, the Government has admitted that it does possess

certain property.  The plaintiff's original motion for return of

property listed twenty three numbered items or categories of

goods that he sought to be returned.  With respect to that list,

the Government has agreed to return several items upon the

                                5

plaintiff's submission of evidence of ownership: a "Rolex"
wallet; two computers seized from the Premises (Item 4); art
books (Item 20(d)); and any personal items relating to the
plaintiff's mother (Item 21).  The Government concedes
possession of these items, but apparently finds the plaintiff's
sworn Statement of Evidence to be an insufficient showing of
ownership.[3]  Therefore, an issue of fact exists as to whether the
plaintiff has a sufficient ownership interest in these items
such that he is entitled to the return of this property.  Unless
the plaintiff resolves this issue by submitting sufficient
evidence, the issue will have to be decided at an evidentiary
hearing.

                              B.

       There is a large group of property in Items 3-19 of the
plaintiff's list with respect to which the plaintiff has made
inconsistent claims as to whether the Government seized the
property and who currently possesses the property.  The
Government denies ever seizing any of this property, except for
the two computers discussed above, and supports this claim based
on its Affirmations and log sheets from the search. (See Wynne
Aff. ¶ 7; Morey Aff. ¶ 8; Gov't Letter, Nov. 13, 2006, Ex. 2.)

---

[3] In an earlier submission, the Government indicated that with respect to this
property "[e]vidence of ownership need not be complicated, in fact it can be
as simple as an unsworn declaration made under penalty of perjury." (See
Gov't Letter, Feb. 9, 2007 at n.*.)

The plaintiff has not offered evidence sufficient to raise a genuine issue of fact with respect to the return of this property.  The plaintiff states in his Statement of Evidence that the Government enlisted the help of a gallery employee to load unspecified property from his loft into Government vehicles.  However, this assertion is not based on the plaintiff's personal knowledge, but rather on a hearsay statement from an owner of another art gallery who he claims was a witness.  (Pl.'s Statement of Evidence ¶¶ 6-7.)  Moreover, the statement is unspecific as to what property was taken and it is undisputed that the Government did in fact seize boxes of documents.  The plaintiff has subsequently admitted on the record that he does not have any personal knowledge of who took or currently possesses this property. (Telephone Conference Tr. 10-11, July 26, 2007.)  Furthermore, in a verified pleading in state court, the plaintiff brought an action against his former business partner and landlord for the loss of the same property. (See Verified Complaint, Richard Vitrano v. 344 Bowery, LLC, et al., Index No. 403740-2006, Supreme Court, County of New York, attached as Ex. 1 to Gov't Letter, Feb. 9, 2007.)

Based on the foregoing, the plaintiff's sworn statements with respect to unspecified property being removed by the Government is speculative and does not satisfy the requirement of Rule 56(e) that an affidavit in support of or in opposition

to a motion for summary judgment be based on personal knowledge and admissible evidence.  See Patterson v. County of Oneida, N.Y., 375 F.3d 206, 219 (2d Cir. 2004); Goenaga v. March of Dimes, 51 F.3d 14, 18 (2d Cir. 1995).  In cases where the Government has fulfilled its burden of proof through Affirmations and proper documentation of the detention and disposition of seized property, summary judgment is appropriate where the plaintiff does not offer evidence to raise a genuine issue of fact as to the Government's continued possession of the property.  See, e.g., Sanchez-Butriago v. United States, No. 00 Civ. 8820, 89 Cr. 644-2, 2003 WL 21649431, at *5-*6 (S.D.N.Y. July 14, 2003); United States v. Cardona, 897 F.Supp. 802, 804-805 (S.D.N.Y. 1995).

    The plaintiff alternatively claims that some of this property, including the loft itself (Item 23), may not have been seized by the Government, but rather is in the possession of third-parties due to the Government's negligence.  (See Pl.'s Statement of Evidence ¶ 15; Traverse to Gov't Opp'n Letter, Nov. 20, 2006).  To the extent the plaintiff is making such a claim, the plaintiff is without a remedy under Rule 41(g).  Under the doctrine of sovereign immunity, relief under Rule 41(g) is limited to the return of property wrongfully seized or detained by the Government, and does not extend to money damages due to

the loss or destruction of property.  Bertin v. United States,
478 F.3d 489, 492 (2d Cir. 2007); Adeleke, 355 F.3d at 151.[4]


C.

The plaintiff also seeks the return of a Rolex watch and
$875 in U.S. currency, which the plaintiff claims in his sworn
statement that former United States Probation Officer Terence
Kenny seized.  The plaintiff alleges that Officer Kenny told him
the watch and cash were taken at the time of his arrest for
safe-keeping.  He also alleges that Officer Kenny subsequently
told the plaintiff, in the presence of the plaintiff's attorney,
that the items were in the possession of the FBI who had
directed him not to return this property to the plaintiff.
(Pl.'s Statement of Evidence ¶ 11.)

In its Affirmations the Government asserts that there is no
evidence that it ever seized or currently possesses the Rolex or
the money, and these items do not appear on the log sheets from
the search. (Wynne Aff. ¶ 7; Morey Aff. ¶ 6; Gov't Letter, Nov.
13, 2006, Ex. 1.)  The Government also claims that the plaintiff
has made contradictory statements both on the record and in his
verified pleading in his state court action with respect to this
property.  (Morey Aff. ¶ 3.)

---

[4] The disposition of the plaintiff's claim for equitable relief under Rule
41(g) is without prejudice to any claim he may have under the FTCA. See supra
n.1.

However, the plaintiff's sworn statements in this action, based on alleged personal knowledge of the seizure of the watch and currency, raise an issue of fact such that an evidentiary hearing is warranted with respect to the Government's seizure and current detention of this property.

D.

With respect to the artwork in Item 20, the Government admits that it currently possesses other artwork, not listed in the criminal forfeiture, obtained during the course of its investigation.  However, the Government argues that it believes that the plaintiff is unable to prove an ownership interest in this artwork and that, in any event, the artwork is contraband and therefore the Government has no obligation to return it to the plaintiff.  (Wynne Aff. ¶ 7.)  It is true that the Government is not required to return contraband.  See, e.g., United States v. Melville, 309 F.Supp. 829, 833 (S.D.N.Y. 1970). However, the Government has offered no evidence besides its own assertions to substantiate its continued detention of these paintings.  The plaintiff claims that he has a legitimate ownership interest in the paintings and that they are not contraband, and that these facts could be established based on the plaintiff's business records, which remain in Government custody.  (Pl.'s Statement of Evidence ¶¶ 8-9, 13-14.)

10

Therefore, the plaintiff's sworn statement and the Government's own admissions raise genuine issues of material fact as to the plaintiff's ownership interest in the paintings and whether the paintings are contraband.

### E.

The Government also continues to retain the plaintiff's business records that were seized during the execution of the search warrant.  (Pl.'s Rule 41(g) Mot., Item 22.)  The Government argues that these records have evidentiary value for an open investigation, and therefore they are under no obligation to return the records to the plaintiff.  See Ferreira v. United States, 354 F.Supp.2d 406, 409 (S.D.N.Y. 2005).

However, the plaintiff argues that he requires access to his business records in order to prove his entitlement to the paintings in Item 20.  Therefore, the fact-finder may need to establish reasonable conditions of access to the business records to allow the plaintiff to establish his ownership interest and challenge the Government's contention that the paintings are contraband, while at the same time protecting the Government's evidentiary interest in the records and preventing the return of contraband to the plaintiff.

### F.

In his motion the plaintiff also requests "all funds and data" with respect to four listed bank accounts. (Pl.'s Rule 41(g) Mot., at 3.) However, the plaintiff has not produced any evidence supporting a claim that the Government seized bank accounts, and the Government specifically denied seizing any such bank accounts. (Wayne Aff. ¶ 6.) To the extent that there are any records of bank accounts that were seized, they should be treated as the other documents discussed above.

CONCLUSION

The Government's motion for summary judgment is **granted in part** and **denied in part** as explained above.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 28, 2007**

John G. Koeltl
United States District Judge